# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

v.

**SAMUEL L. PIPPINS,**

    **Defendant.**

:

:

:

Case No. 2:21-cr-66
Judge Sarah D. Morrison

## OPINION AND ORDER

This matter is before the Court for consideration of the Motion for Review and Modification of Detention Order filed by Defendant Samuel Pippins. (ECF No. 28.) In his motion, Mr. Pippins asks the Court to order that he be released with conditions pending trial. The Government responded requesting that the Court affirm the Magistrate Judge's detention order. (ECF No. 31.) Having considered the evidence *de novo*, the Court agrees with the Magistrate Judge's findings of fact and conclusions of law. Accordingly, the Court **DENIES** the motion.

**I. BACKGROUND**

On April 2, 2014, Mr. Pippins pleaded guilty to Felonious Assault. (Aff. in Supp. of Crim. Compl., ECF No. 1.) As a result of this conviction, he is prohibited from possessing a firearm pursuant to 18 U.S.C. § 922(g)(1). (*Id.*)

On November 14, 2020, Columbus Division of Police (CPD) officers conducted a traffic stop on a black Audi SUV for "excessively dark window tint." (*Id.*) Officers recognized the driver as Mr. Pippins. (*Id.*) After identifying that he did not have a

valid driver's license and possessed marijuana, Mr. Pippins was escorted from the vehicle. (*Id.*) Officers then conducted a search of the vehicle and located a firearm, an extended magazine, thirty rounds of ammunition, and a small quantity of fentanyl. (*Id.*) This information was communicated to federal law enforcement.

On December 9, 2020, Mr. Pippins was charged with Knowingly Possessing a Firearm by a Convicted Felon, in violation of 18 U.S.C. 922(g)(1) and a federal warrant was issued for his arrest. (ECF No. 8.) However, at the time the federal warrant was issued, Mr. Pippins was in state custody on state charges, where he remained until August 26, 2022, when he was released on bond pending trial on state charges. On August 29, 2022, Mr. Pippins was arrested pursuant to the federal warrant. (ECF No. 8.) The Government moved for detention of Mr. Pippins at his initial appearance. (ECF No. 13.)

At the detention hearing, the Government argued for Mr. Pippins' detention pending trial and relied on evidence in the Affidavit in Support of Criminal Complaint (ECF No. 1) and the Pretrial Services Report (ECF No. 17). Mr. Pippins argued for his release on house arrest and presented letters from the mother of his child, Yunteria Black (ECF No. 28-1) and his brother, Eric Eggleton (ECF No. 28-2).

The Pretrial Services Report outlined his criminal history. (ECF No. 17) In 2010, at the age of eighteen, Mr. Pippins was convicted of receipt of stolen property, trafficking in drugs, possession of controlled substances, and disorderly conduct. (*Id.*) The following year, he was convicted for escape after he absconded from a substance abuse treatment program. (*Id.*) In 2013, he was convicted of felonious

assault and charged with aggravated robbery and kidnapping. (*Id.*) In 2017, he was charged with possession of controlled substances while on supervised release. (*Id.*) He is currently facing State charges for aggravated robbery, robbery, felonious assault, abduction, intimidation of a crime victim or witness, and displaying or brandishing a weapon under disability. (*Id.*)

In her letter to the Court, Yunteria Black requested release so that Mr. Pippins can provide support for their son, who is "non-verbal autistic" and "requires around the clock attention and time." (ECF No. 28-1.) Next, Eric Eggleton stated that Mr. Pippins could resume full-time employment at his autobody shop immediately upon his release. (ECF No. 28-2.)

After hearing the evidence and arguments, the Magistrate Judge found that the Government had established (1) by clear and convincing evidence that no condition or combination of conditions would reasonably assure the safety of the community and (2) by a preponderance of the evidence no condition of combination of conditions would reasonably assure Mr. Pippins' appearance as required. (ECF Nos 19, 20.) As a result, the Court concluded that Mr. Pippins must be detained pending trial. (*Id.*) In support of this decision, the Magistrate Judge cited prior criminal history; participation in criminal activity while on supervision; history of violence and use of weapons; history of substance abuse; lack of stable employment; prior failure to appear in court as ordered; prior attempt to evade law enforcement; and prior violations of supervised release. (*Id.*)

3

### III. LEGAL STANDARD

Pursuant to the Bail Reform Act, "a defendant shall be detained pending trial if, after a hearing, the judicial officer finds that no condition or set of conditions will reasonably assure the defendant's appearance as required and the safety of any other person and the community." *United States v. Hinton*, 113 F. App'x 76, 77 (6th Cir. 2004). "The government must prove risk of flight by a preponderance of the evidence, and it must prove dangerousness to any other person or the community by clear and convincing evidence." *Id.* However, "[p]retrial detention can be ordered based on a judicial finding of either substantial danger to the community or risk of flight; only one is required." *United States v. Ford*, 455 F. Supp. 3d 512, 518 (S.D. Ohio 2020) (Morrison, J.) (internal citations and quotations omitted).

Once the Government has met its burden, the judicial officer must then determine whether conditions exist that would reasonably assure the defendant's appearance and the safety of the community upon a defendant's release. The factors to be considered in making such a determination are set out in Subsection G:

(1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including—

(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

4

> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g). If the judicial officer determines that a detention order is necessary, they shall submit a written statement of the reasons for the detention. *Id.* § 3142(i)(1).

When a magistrate judge issues a detention order, a defendant may request that that order be reviewed by the district court. 18 U.S.C. § 3145(b). The district judge reviews that order *de novo. United States v. Yamini*, 91 F. Supp. 2d 1125, 1130 (S.D. Ohio 2000) (Marbley, C.J.). While the district court is obligated to review the magistrate judge's determination, the district court need not hold a hearing. *See, e.g., United States v. Sammons,* No. 2:19-CR-107, 2020 WL 613930, at *3 (S.D. Ohio Feb. 10, 2020) (Morrison, J.) (collecting cases).

## IV. ANALYSIS

In seeking reconsideration of the Magistrate Judge's order of detention, Mr. Pippins presents substantially the same information presented at the original detention hearing. The only new information presented is a contention that the evidence against Mr. Pippins resulted from an invalid search. He reiterates his arguments that he has strong familial ties to the area; that he will resume employment upon his release; that he has remained sober for two years; that his escape conviction occurred when he was "an immature 19-year-old"; and that he

5

maintains his innocence for his pending State charges, including those charges involving violence. (ECF No. 20.) In response, the Government likewise relies on substantially the same information and arguments provided at the original detention hearing. (ECF No. 31.) Given the minimal new information included in the briefing, the Court finds that no hearing is necessary.

The Court has evaluated *de novo* the Magistrate Judge's detention order, including reviewing the Pretrial Services Report, the recording of the original detention hearing, and all briefing and evidence submitted to the Court. In light of those actions, the Court makes the following findings.

*Burden of Proof.* As noted above, the Government must establish either (1) Mr. Pippins' dangerousness to the community by clear and convincing evidence or (2) his risk of flight by a preponderance of the evidence.

Here, the most powerful evidence of dangerousness is demonstrated by Mr. Pippins' criminal history, which include numerous instances of illegal possession and brandishing of a firearm, intimidation of a crime victim or witness, and other violent offenses. Although Mr. Pippins maintains his innocence on the pending State charges, the Court may properly consider charged offenses at this stage.

Next, Mr. Pippins' risk of flight is demonstrated by his prior escape conviction, numerous instances of failure to comply with conditions of supervision, and his upcoming trial on significant State charges. Although he argues that his escape conviction from over 10 years ago is not reflective of who he is today, the

Court cannot ignore more recent instances of failure to comply with conditions of supervision.

Upon review, the Court finds that the Government has met its burden in demonstrating both dangerousness to the community and risk of flight. Accordingly, the Court turns to the factors set out in Subsection G.

*Nature and Circumstances of the Offenses Charged.* On this factor, the Court considers whether the circumstances of the charged offense involve possession of a firearm or narcotics. 18 U.S.C. 3142(g)(1). At the time of the charged offense, Mr. Pippins was in possession of a firearm, marijuana, and fentanyl. The nature and circumstances of the charged offenses support continued pretrial detention.

*Weight of the Evidence Against Mr. Pippins.* Although Mr. Pippins contests the validity of the evidence of his guilt, "[t]his factor goes to the weight of the evidence of dangerousness, not the weight of the evidence of the defendant's guilt." *United States v. Stone*, 608 F.3d 939, 948 (6th Cir. 2010). In this regard, there are strong indicators within Mr. Pippins' criminal history that he poses a danger to the community. The Court concludes that the weight of the evidence with respect to Mr. Pippins' dangerousness supports his continued detention pending trial.

*Mr. Pippins' History and Characteristics.* As noted above, when addressing this factor, the Court considers Mr. Pippins' character, mental and physical condition, family and community ties, employment, financial resources, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings. 18 U.S.C. 3142(g)(3)(A). The Court also considers

7

whether, at the time of the current offense or arrest, Mr. Pippins was on release pending trial. 18 U.S.C. 3142(g)(3)(B).

Mr. Pippins' history and characteristics largely weigh in favor of his continued detention pending trial. Significantly, Mr. Pippins has a history of substance abuse and was in possession of marijuana and fentanyl during the instant offense. He has a significant criminal history, including several violent crimes and offenses involving possessing and brandishing a firearm, intimidation of a crime witness or victim, failing to comply with conditions of release, and at least one instance of absconding. Finally, at the time of the instant offense, he was on bond pending trial. While it is true that Mr. Pippins has strong familial ties to the area and an offer of stable employment, these factors do not outweigh those that are in favor of his continued detention.

*Nature and Seriousness of the Danger to the Community.* Again, Mr. Pippins' criminal history includes numerous crimes of violence and repeated concerns of possessing and brandishing firearms. Notably, at least one of these offenses occurred while Mr. Pippins was on house arrest—the very condition of release that he seeks here. The nature and seriousness of the danger to the community weighs in favor of his continued detention pending trial.

In sum, consideration of the requisite factors indicates no condition or combination of conditions of release would reasonably assure Mr. Pippins' appearance as required or the safety of the community. As such, revocation of the detention order is not appropriate, and the detention order will remain in effect.

## V. CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant's Motion for Review and Modification of Detention Order. (ECF No. 28.)

**IT IS SO ORDERED**.

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**