UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,      :

  v.                                    Case No. 2:21-cr-66
                                        Judge Sarah D. Morrison

SAMUEL LAMONTE PIPPINS,
                                  :
        Defendant.

## OPINION AND ORDER

On December 15, 2022, this Court issued an Opinion and Order suppressing evidence collected in violation of the Fourth Amendment based, in part, on evidence that the arrest of Defendant Samuel Pippins was contingent on the fruits of a search of his vehicle which, in turn, was justified by the fruits of a search conducted "incident" to that very arrest. (ECF No. 44.) This Court reasoned that the Government's justifications for the warrantless searches were improperly circular. (*Id.*, 6, 9–10 (citing *United States v. Williams*, 170 F. App'x 399, 404–05 (6th Cir. 2006), *abrogated on other grounds by Arizona v. Gant,* 556 U.S. 332 (2009) (unpublished).) This matter is before the Court on the Government's Motion for Reconsideration of that Order. (ECF No. 41.) The motion is fully briefed and ripe for consideration.

I.      **LEGAL STANDARD**

The Federal Rules of Criminal Procedure do not address motions for reconsideration; however, the Supreme Court has recognized a party's ability to file

such motions in criminal cases. *See United States v. Ibarra*, 502 U.S. 1, 6–7 (1991). The Sixth Circuit applies the standard put forth in Federal Rule of Civil Procedure 59(e) to motions for reconsideration in criminal cases. *United States v. Correa-Gomez*, 328 F.3d 297, 298 (6th Cir. 2003).

Although the Court has substantial discretion to grant motions for reconsideration, they are not intended to relitigate issues previously considered or to give a party a second bite at the apple. *Pegg v. Davis*, 2009 WL 5194436, at *1 (S.D. Ohio 2009) (Marbley, J.). Instead, motions for reconsideration serve a limited function and are warranted only where there is: (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice. *Id.* The Government's argues that the Court made a clear error of law. A clear error of law is the "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins. Co.,* 224 F.3d 601, 606 (7th Cir.2000).

**II.  DISCUSSION**

According to the Government, this Court made a clear error of law when it considered evidence that Mr. Pippins would not have been arrested but for the fruits of a search that the Government sought to justify as incident to that very arrest. More specifically, it argues that the Court erred by considering evidence of the police officers' subjective intent or motivation for arresting Mr. Pippins. (Mot., PAGEID # 213.) However, the Government has not now (and did not in its previous briefing)

2

identify controlling precedent addressing the precise issue in this case that reached a different result.

Mr. Pippins's arrest was wholly dependent on, and would not have occurred but for, the fruits of a search that could only be justified by his arrest. This is exactly the circumstance that concerned the Sixth Circuit in *Williams:*

> Arguably, under the literal language of *Rawlings*, an officer could search a suspect's vehicle during a routine traffic stop, arrest the suspect after finding contraband, and then validate the search by testifying that he arrested the suspect for the misdemeanor traffic offense. We do not believe that to be the holding of *Rawlings*, nor the law of the Fourth Amendment. The reasonableness of a search depends on what the officers actually did, not what they had the authority to do.

170 F. App'x 404–05 (citing *Rawlings v. Kentucky*, 448 U.S. 98 (1980)). Consistent with the concern raised in *Williams*, the Supreme Court has recognized limits on the use of the lawful arrest exception when the arrest occurs after the search. *See Knowles v. Iowa*, 525 U.S. 113 (1998) (warrantless search was invalid even though officer had probable cause to arrest but had issued a traffic citation before searching the defendant's vehicle).

None of the Sixth Circuit cases cited by the Government are directly on point. *See United States v. Nelson*, 725 F.3d 615, 622 (6th Cir. 2013) ("An arresting officer's subjective reason for making the arrest need not be the criminal offense as to which the known facts provide probable cause.") (quotations and citations omitted); *United States v. Montgomery,* 377 F.3d 582, 592 (6th Cir. 2004) (warrantless search of defendant's person was justified as incident to arrest where custodial arrest immediately followed that search and other lawful searches provided the officers

3

with probable cause to arrest the defendant for a drug offense prior to challenged search); *United States v. McCraney*, 674 F.3d 614, 619 (6th Cir. 2012) (discussing limitations of a vehicle search incident to arrest); *United States v. Latham*, 763 F. App'x 428, 431 (6th Cir. 2019) (vehicle search was justified as incident to arrest "when it is reasonable to believe *evidence relevant to the crime of arrest* might be found in the vehicle.") (quotations and citations omitted) (emphasis in original).

The only case cited by the Government that is arguably relevant to the present facts is *United States v. Coleman,* 458 F.3d 453 (6th Cir. 2006), but that case is distinguishable on several grounds. First, there were several warrant exceptions that justified the challenged search in that case (*Id.* at 458–59 (applying the automobile exception, search incident to lawful arrest, and consent to search)), but here, the only justification for the search of Mr. Pippins is the search incident to arrest exception. Second, the *Coleman* defendant was stopped for suspected drug activity, for which a search of his car would likely produce evidence of such conduct; here, Mr. Pippins was subject to a routine traffic stop for driving without a license and it was unlikely that a search of his person or vehicle would produce evidence of that offense.[1] *Id.* at 455. Finally, the defendant in *Coleman* affirmatively consented to the search of his vehicle. *Id.* at 458. Mr. Pippins did not.

---

[1] In fact, the officers in this case had completed their investigation into the license violation before initiating the traffic stop. Their investigation was then confirmed by Mr. Pippins within the first ten seconds of their interaction with him.

4

In this case, Mr. Pippins's license violation gave the Officers probable cause to arrest and he was ultimately charged with that offense. However, based on the objective evidence (the statements of the officers at the scene), Mr. Pippins would not have been arrested for that offense (or any other offense) but for the fruits of the vehicle search. While it is true that a warrantless search may be justified by a lawful arrest that occurs soon after that search, *Rawlings*, 448 U.S. at 110–11 n. 6, it does not necessarily follow that a search may be justified by a subsequent arrest where, viewed objectively, that arrest was strictly contingent on the fruits of that search. *Cf. Smith v. Ohio*, 494 U.S. 541, 543 (1990) ("'[i]t is axiomatic that an incident search may not precede an arrest and serve as part of its justification'") (quoting *Sibron v. New York,* 392 U.S. 40, 63 (1968)).

The Court's decision in the December 15, 2022 Opinion and Order is not a clear error of law.

### III.  CONCLUSION

The Government's motion for reconsideration is **DENIED**.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**

5